# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LM INSURANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV415-116 |
| ROOF CRAFTERS, INC. a/k/a | ) |
| ROOFCRAFTERS, INC. and | ) |
| DAVID OWNES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are defendants' motion to amend their answers (doc. 23), motion to join third-party defendants (doc. 24),[1] and plaintiff LM Insurance Corp.'s motion to amend its complaint. Doc. 27.

The deadline to amend pleadings expired on September 4, 2015 (doc. 21), so granting the parties' amendment motions requires a modification of the Court's scheduling order (doc. 21). Hence, they must demonstrate good cause for the modifications. Fed. R. Civ. P. 16(b)(4)

---

[1] Defendants move to amend and join new parties to assert claims against a second company (J.C.B. Roofing) and its principals (Thomas Krejci and Bobby Myers), all of whom defendants allege were inextricably intertwined with Roof Crafters and thus liable for any damages stemming from plaintiff's claims. *See* doc. 24 at 2-5.

("A schedule may be modified only for good cause and with the judge's consent.").

Both have done so. Defense counsel Kristen Goodman wasn't "associated" with this case until September 18, 2015 -- two weeks after the September 4, 2015 deadline -- and only thereafter did she and co-counsel Tom Mahoney determine that defendants' answers needed alteration. *See* doc. 23 at 1. Plaintiff, meanwhile, only learned through discovery obtained after the deadline that a successor corporation to defendant Roof Crafters exists that it believes is a "mere continuation" of Roof Crafters and thus "a proper Defendant." Doc. 27 at 1-2. Particularly since plaintiff does not oppose defendants' motion, *see* doc. 25 at 1, both motions to amend (docs. 23 & 27) are **GRANTED**. The Clerk is **DIRECTED** to docket docs. 23-1 and 23-2 as defendants David Owens' and Roof Crafter's amended answers respectively, and doc. 27-1 as plaintiff's amended complaint.

Plaintiff, meanwhile, does not oppose defendants' motion to implead third-party defendants. Doc. 26 at 1. Because the Court discerns no unreasonable delay in defendants' request, undue complication from the proposed impleader, or prejudice to any existing

party,[2] defendants' motion for joinder (doc. 24) also is **GRANTED**. The Clerk is **DIRECTED** to (1) docket doc. 24-1 as defendants' complaint against third-party defendants J.C.B. Roofing, LLC; J.C.B. Roofing-II, Inc.; Thomas Krejci; and Bobby Myers, and (2) amend the docket caption accordingly.

As both parties recognize, impleading additional parties and amending pleadings less than a month before discovery is scheduled to end necessitates a new discovery schedule. So, the parties shall confer

---

[2] "[W]hether a third-party defendant may be impleaded under Rule 14 [is] a question addressed to the sound discretion of the trial court." *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 682 (N.D. Ga. 2007).

> In exercising its discretion the court should endeavor to effectuate the purpose of Rule 14, which means that impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters. As a result, a timely application for impleader should be granted except when it will delay or disadvantage the existing action or the third-party claim obviously lacks merit. Of course the court must be sensitive to the possibility of prejudice to the original plaintiff or the third-party defendant that may result from permitting the assertion of the third-party claim. Similarly, the court's discretion may be exercised only when the claim is within the scope of impleader established by Rule 14(a). But if the claim is a proper third-party action and will not prejudice the other parties or unduly complicate the litigation, there is no reason to deny an application under Rule 14(a).

6 WRIGHT & MILLER, FED. PRAC. & PROC. § 1443 (3d ed. 2015).

and jointly submit a new proposed scheduling order to the Court within 14 days of the date this Order is served.[3]

**SO ORDERED**, this  30th  day of October, 2015.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiff, although it does not object to defendants' motions, argues that defendants may not seek apportionment should they ultimately be found liable in tort. *See* doc. 26 at 2. That, however, is a matter for another day and does not affect the Court's analysis of either the motions to amend or the motion to join additional parties. Too, plaintiff gives notice that it may eventually seek leave to join the new third-party defendants as defendants should discovery reveal any "unique and direct liability to Plaintiff." So be it. The Court will consider that motion if and when it's filed.