UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LM INSURANCE CORPORATION, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ROOF CRAFTERS, INC. a/k/a<br>ROOFCRAFTERS, INC. and<br>DAVID OWENS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| ROOF CRAFTERS, INC., and DAVID<br>OWENS, | )    Case No. CV415-116<br>) |
| Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| J.C.B. ROOFING LLC, J.C.B.<br>ROOFING-II, LLC, THOMAS<br>KREJCI and BOBBY MYERS, | )<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

## ORDER

After the addition of third-party defendants, the Court recently entered a new Scheduling Order in this contract dispute. Doc. 58. In it, the Court noted that the parties never submitted a proposed scheduling order on February 17, 2016 as they previously represented (*see* doc. 57),

and that in any case such a submission would have been late by over two months. Doc. 58 at 2. Plaintiff's counsel has since brought to the Court's attention that in fact the proposed scheduling order was submitted to the Court on February 17, 2016 via email to a Deputy Clerk, who then advised counsel not to file it and that she would hand deliver it to the Court. Letter from counsel dated April 27, 2016 (appended to this Order).

At some point thereafter an internal processing error at the Court occurred and the proposed order was never entered. The Court acknowledges that that error, and not plaintiff's counsel, resulted in the February 17, 2016 - April 20, 2016 delay in entering the Scheduling Order.[1] In the future, to prevent any such errors from interfering with the speedy resolution of this case, *see* Fed. R. Civ. P. 1, counsel should file on the docket anything that implicitly or explicitly seeks Court action, whether it be a motion, notice, status report, Rule 26(f) report, or other filing. *See* Fed. R. Civ. P. 7(b) (1) ("A request for a court order must be

---

[1] Counsel, however, remains responsible for the December 14, 2015 (the day a proposed scheduling order was due, *see* doc. 45) to February 17, 2016 delay (the day counsel actually submitted a proposal). The Court also notes that while counsel may have "misread" the Court's instructions in the extension Order setting the December 14, 2015 deadline, it was in fact counsel who proposed the language that was subsequently misread. *Compare* doc. 40-1 (proposed consent extension order), *with* doc. 45 (extension order entered by the Court).

made by motion.").

Here portends a lesson in human fallibility. Despite their best intentions, both lawyers and judges sometimes just get things wrong. The Court does not infer that any lawyer in this case, much less the author of the attached letter, intentionally ignored a court order or misrepresented anything. All we can do is strive to minimize our errors, which I am sure we will each endeavor to do.

**SO ORDERED,** this 27th day of April, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



HunterMaclean  
Attorneys at Law  
200 E. Saint Julian Street  
Post Office Box 9848  
Savannah, GA 31412-0048  

SARAH H. LAMAR  
Phone: 912-236-0261  
Fax: 912-236-4936  
www.huntermaclean.com  
slamar@huntermaclean.com

April 27, 2016

**<u>VIA HAND DELIVERY</u>**

The Honorable G.R. Smith  
Magistrate Judge  
United States District Court  
Southern District of Georgia  
125 Bull Street  
Savannah, Georgia 31412

      RE:    <u>LM Insurance Corporation v Roofcrafters, Inc., et. al.</u>  
               In the United States District Court, Southern District, Savannah Division  
               Civil Action No: 4:15-CV-00116

Dear Judge Smith:

My law firm is local counsel for the Plaintiff, LM Insurance Corporation, in the above case. Your Honor recently issued two orders (Doc. #s 56 and 58) indicating that the parties had failed to file a proposed scheduling order as requested by the Court's November 13, 2015 order. (Doc. #45). Although I will not speak for the other counsel involved in this case, it is fair to say we all misread the Court's instruction in the November 13 order, and for that, I apologize. As Your Honor has noted, rather than file a proposed scheduling order, the parties instead filed a Rule 26(f) Report on December 15, 2015 (Doc. #52).

After Your Honor's April 15, 2016 order (Doc. #56), the parties filed a proposed scheduling order (Doc. #57) which stated at the top of the document that the parties had previously submitted a proposed scheduling order on February 17, 2016. The Court took issue with this statement, noting that "*no* filing appears on the docket on February 17, 2016 as plaintiff's counsel represents." (Doc. #58). Although the parties did not file a proposed order on February 17 such that it appeared on the docket, they had submitted on February 17 a proposed order to Courtroom Deputy Clerk Sherri Flanders, at Ms. Flanders' request via an email Ms. Flanders sent on February 3, 2016. The proposed order submitted to Ms. Flanders on February 17 is the same as the proposed order that was filed in response to the Court's April 15 order. (Doc. #56).

In my email correspondence with Ms. Flanders on February 17, I specifically asked her whether the parties should file the proposed order or submit it to the Court's proposed order email address. Ms. Flanders responded, "*No need to file and I'll hand-deliver to Judge Smith so no*

*need to submit to the proposed order email box.*" (emphasis added). Copies of our email correspondence accompany this letter.

I take seriously the duties a lawyer owes to the Court. The lawyers in this case, and specifically the undersigned, were not intentionally ignoring the Court's order or misrepresenting their actions with respect to the proposed scheduling order.

Thank you for your consideration.

Sincerely yours,

Sarah H. Lamar
SHL/ah

Enclosures

cc: *Via email with enclosures:*
    Scott J. Crosby
    R. Jonathan Hart
    Kristen W. Goodman